**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| A. CORNELL BLANKS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:09-CV-0695-K (BF) |
| § | |
| VOUGHT AIRCRAFT INDUSTRIES, INC., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Plaintiff A. Cornell Blanks' Motion for Summary Judgment (doc. 99) and Defendant Vought Aircraft Industries, Inc.'s Motion for Summary Judgment (doc. 95) are before the Court for consideration. After careful examination of the motions, responses, replies, appendixes, record evidence, and the applicable law, the Court recommends that Defendant's Motion for Summary Judgment be GRANTED in full and Plaintiff's Motion for Summary Judgment be DENIED.

**BACKGROUND**

Defendant Vought Aircraft Industries, Inc. ("Defendant" or "Vought") is in the business of manufacturing aircraft. Plaintiff A. Cornell Blanks ("Plaintiff" or "Blanks") is an aircraft mechanic who worked for Vought from January to July 2008. Plaintiff brings claims against Defendant for violations of Title VII, the Family Medical Leave Act, the American Disabilities Act, the Employee Retirement Income Security Act, 42 U.S.C. § 1983, 42 U.S.C. § 1985 and for negligence and breach of contract. Both parties have moved for summary judgment.

**STANDARD OF REVIEW**

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where, as here, a case is presented by way of cross-motions for summary judgment, each movant has the burden of producing evidence to support its motion. A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

## **UNDISPUTED MATERIAL FACTS**

Plaintiff worked for Lockheed Martin ("Lockheed"), another aircraft manufacturer, in Fort Worth, Texas from 2003 until he was laid off in 2005 or 2006. (Def. Mot. for S.J. App. 004.) He then moved to Greenville, Texas. (Def. Mot. for S.J. App. 006.) In 2007, after learning Lockheed

planned to recall some former employees, Defendant moved back to the Dallas-Fort Worth area. (Def. Mot. for S.J. App. 007.) In January 2008, while waiting to be recalled, Defendant began working for Vought. (*Id.*) Lockheed recalled Defendant in June 2008. (Def. Mot. for S.J. App. 035.) Instead of resigning at Vought, Blanks decided to work both full-time jobs. (Def. Mot. for S.J. App. 010.) He planned to work the first shift at Plaintiff's facilities and the second shift at Lockheed. (*Id.*) He informed neither Vought nor Lockheed of this decision. (Def. Mot. for S.J. App. 009.)

During the relevant time period, Blanks was scheduled to work at Vought Monday through Friday, 7:00 a.m. to 3:30 p.m. (Def. Mot. for S.J. App. 056.) On Wednesday, June 18, 2008, Blanks called in and requested "personal time" until June 20. (Def. Mot. for S.J. App. 059.) Although scheduled, Blanks did not work June 19 or 20. (*Id.*) He called in both days and requested "personal time" or "FMLA" (family medical leave). (*Id.*) Blanks' supervisor, Emid Hill, told Blanks he would need a doctor's note to support his absences. (Def. Mot. for S.J. App. 061.) Although Blanks was not scheduled to work at Vought facilities on Saturday, June 21, Vought records show Blanks worked from 4:56 a.m. until 11:18 a.m. (Def. Mot. for S.J. App. 057.) That same day, he provided a note from his eye doctor stating Blanks should be off work from June 18 to June 20. (Def. Mot. for S.J. App. 061.)

Blanks did not work his scheduled shifts at Vought the following week. (Def. Mot. for S.J. App. 058.) On Tuesday, June 24, Blanks phoned Vought and stated he would be out for approximately one week. (Def. Mot. for S.J. App. 059.) He told Hill that he hurt his back while at work the previous Saturday, June 21, and reported that his doctor advised him to do no work until July 2, 2008. (Def. Mot. for S.J. App. 061.) Hill informed Blanks that Vought's medical team

3

needed to check Blanks out for the work injury. (*Id.*) On June 26, 2008, Vought received a doctor's note stating that Blanks had "deginerative lumbar disc disease" and that Blanks was "not able to work." (Def. Mot. for S.J. App. 047.)

Blanks did not work his scheduled shifts the week of June 30, 2008. (Def. Mot. for S.J. App. 058.) Each day, he phoned in requesting "workers comp." (*Id.*) Blanks saw Vought's medical department on July 3 and claimed a workplace injury. (Def. Mot. for S.J. App. 055, 062.) Initially, Blanks reported the date of injury as June, 21, 2008. (Def. Mot. for S.J. App. 062.) However, he later amended the date to June 23, 2008. (Def. Mot. for S.J. App. 063.)

Blanks did not work his scheduled shifts at Vought the week of July 7, 2008. (Def. Mot. for S.J. App. 058.) On July 7, Vought's Worker's Compensation Insurance carrier interviewed Blanks. (Def. Mot. for S.J. App. 0110.) During this interview, Blanks stated that his injury occurred on June 23, 2008, not June 21, 2008. (Def. Mot. for S.J. App. 0114.) He also informed the interviewer that he had been recalled at Lockheed. (Def. Mot. for S.J. App. 0118.) Lockheed records show Blanks worked at Lockheed facilities on each day he reported in unable to work at Vought. (Def. Mot. for S.J. App. 049-052.)

On July 10, 2008, Vought sent Blanks a letter terminating his employment. (Def. Mot. for S.J. App. 048.) The letter stated that Blanks was being terminated for "deliberate falsification of information [he] provided on a worker's compensation claim. [Blanks] claimed a work-related injury occurred on Monday, June 23, 2008, and. . . [a]fter a thorough investigation, it has been determined that Blanks did not report to work on that date." (*Id.*)

Blanks filed two grievances with his local union on July 18, 2010. (Doc. 103, pp.7-8.) Both grievances alleged that Vought had wrongfully terminated Blanks in violation of the collective

4

bargaining agreement. (*Id.*)

## **ANALYSIS**

A. Defendant's Motion for Summary Judgment

*1. Unlawful Discrimination Claims*

Title VII makes it unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1). Blanks claims that Vought terminated him on the basis of race. (Complaint 9.) In his deposition, he also claims age was a factor. (Def. Mot. for S.J. App. 037.)

Here, Blanks relies on circumstantial evidence to prove discrimination. Discrimination claims based on circumstantial evidence are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. V. Green*, 411 U.S. 792 (1973). First, a plaintiff must set forth a *prima facie* case by showing that he was (1) in a protected class; (2) qualified for the position; (3) discharged; and (4) either (i) replaced by a person who is not a member of that protected class or (ii) other similarly-situated employees were treated more favorably. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Rachid*, 376 F.3d at 312; *McDonnell Douglas*, 411 U.S. at 802. If the defendant meets this burden, the plaintiff must prove by a preponderance of the evidence that the defendant's stated reasons were merely a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133,

5

143 (2000); *Okoye*, 245 F.3d at 512.

Plaintiff was in a protected class, and he was discharged. There is no dispute as to Plaintiff's qualifications for the position he held. However, Plaintiff has not provided any evidence that Vought replaced him with a person outside his class or that similarly-situated employees were treated more favorably. Accordingly, Plaintiff has failed to make out a *prima facie* case, and Defendant is entitled to summary judgment. *See Christian v. City of Dallas*, 64 F. Supp. 2d 617, 626 (N.D. Tex. 1999) (granting summary judgment on plaintiff's wrongful termination claim where plaintiff "failed to offer any evidence of being replaced by a person outside of his protected class").

Even if Plaintiff were to produce evidence demonstrating a *prima facie* case of race or age discrimination, summary judgment would be proper because Vought has demonstrated a legitimate, non-discriminatory reason for discharging him and Blanks has not raised a genuine issue of material fact concerning a pretext. Blanks originally reported the date of injury as June 21. (Def. Mot. for S.J. App. 062.) He later admitted the injury could not have taken place on June 21, and that the correct date of injury was June 23. (Def. Mot. for S.J. App. 0114.) Blanks did not work at Vought on June 23. (Def. Mot. for S.J. App. 058.)

Blanks claims several emails between Vought employees prove he was discriminated against. (Doc. 105, pp. 29-53.) However, these emails only reference Blanks' repeated absences from work and the following investigation into his workers' compensation claim. They provide no support for his allegations of racial and age discrimination. Blanks seems to claim in his Response to Defendant's Motion for Summary Judgment that Vought deliberately destroyed relevant documents, but he provides no evidence support this accusation. His Response also appears to suggest, without supporting evidence, that Vought employees conspired to change the date on

6

his worker's compensation form from June 21, 2008 to June 23, 2008. However, evidence shows that Blanks did in fact specifically tell Vought's Workers' Compensation Insurance carrier that the June 21 date was wrong, that he suffered no injury on that date, and that the injury occurred on June 23. (Def. Mot. for S.J. App. 0114.)

Defendant has demonstrated that Vought had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment in July 2004. The evidence shows that Plaintiff's falsification of information on a workers' compensation claims was the basis for his removal. The record contains no evidence of unlawful race or age discrimination. Accordingly, Defendant's motion for summary judgment should be granted.

*2. Negligence Claim*

Plaintiff claims he was injured while working on the job and seeks to recover for his personal injury under a negligence theory. (Complaint 2.) "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE § 408.001(a) (2006); *see Jones v. ALCOA, Inc.*, 339 F.3d 359, 365 n.8 (5th Cir. 2003) (citing *Hoffman v. Trinity Indus., Inc.*, 979 S.W.2d 88, 89-90 (Tex. App.—Beaumont 1998, pet. dism'd). It is undisputed that Vought is covered by worker's compensation insurance and that it participates in the Texas workers' compensation scheme. (Def. Mot. for S.J. App. 056.) Therefore, as a matter of law, Blanks' negligence claim is barred by the exclusive-remedy provision of the Texas Worker's Compensation Act, and Vought is entitled to summary judgment.

*3. Family Medical Leave Act Claim*

Plaintiff also claims Defendant violated the Family and Medical Leave Act (the "FMLA"). (Complaint 5.) To be eligible for leave under the FMLA, an employee must have been employed by the employer for as least one year and worked at least 1,250 hours during the twelve month period immediately preceding the commencement of leave. 29 C.F.R. § 825.110. Blanks began his employment at Vought on January 7, 2008, and Vought terminated Blanks' employment on July 10, 2008. Therefore, Blanks was not eligible for leave under the FMLA, and Vought is entitled to summary judgment.

*4. American Disabilities Act Claim*

Blanks also asserts that Vought violated the American Disabilities Act (the "ADA"), though he does not specify how Vought did so. (Complaint 5.) The ADA prohibits discrimination by private employers against any qualified individual with a disability. 42 U.S.C. § 12112. A "qualified individual with a disability" is identified as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.*; *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 316-17 (5th Cir.). In order to establish a *prima facie* case under the ADA, the plaintiff must demonstrate that he has a disability, he is a qualified individual for the job in question, and an adverse employment decision was made because of his disability. *Hamilton v. Southwestern Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). A disability is defined as a physical or mental impairment that substantially limits one or more of the major life activities of the individual, or being regarded as being so impaired. 42 U.S.C. § 12102(a).

There is no evidence Blanks is a "qualified individual with a disability" within the meaning of the ADA. Moreover, Blanks provides no evidence that he suffered any adverse employment

8

action because of his alleged disability. Therefore, Vought is entitled to summary judgment on any claim Blanks asserts under the ADA.

*5. Employee Retirement Income Security Act Claim*

Blanks also asserts a claim for unlawful discharge under the Employee Retirement Income Security Act (the "ERISA"). (Complaint 5.) His claims are conclusory, and he has failed to come forth with any facts in support of this contention. Therefore, Vought is entitled to summary judgment on any claim he asserts under the ERISA.

*6. Breach of Contract Claim*

Blanks also claims breach of contract arising out of his union's collective bargaining agreement. (Complaint 9.) He appears to claim that Vought breached the collective bargaining agreement by (1) failing to provide medical leave and insurance coverage and (2) wrongful termination on the basis of his race. (Complaint 9-10.) Section 301 of the Labor Relations Management Act (the "LRMA") preempts state law tort and contract claims that are intertwined with the consideration of a collective-bargaining agreement. *Thomas v. LTV Corp.*, 39 F.3d 611, 616-17 (5th Cir. 1994). Federal courts lack jurisdiction to decide cases alleging violations of a collective bargaining agreement under the Labor Management Relations Act by an employee against his employer unless the employee has exhausted the contractual procedures for redress. *Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 402 (5th Cir. 2000).

Defendant contends that the Court lacks jurisdiction because Plaintiff has failed to provide evidence that he sought to compel arbitration. Blanks has failed to produce evidence that he submitted any grievance regarding Vought's alleged refusal to provide medical leave or insurance coverage. Therefore, the Court lacks jurisdiction over that claim. However, Blanks did submit two

9

grievances for wrongful termination, and he has pointed to evidence showing these claims were appealed to arbitration. (Doc. 103, pages 32-33.) Even so, Blanks' claim for wrongful termination is based on his allegations of race discrimination. As previously discussed, Vought has demonstrated a legitimate, non-discriminatory reason for Blanks' termination, and Blanks has provided no evidence that this reason is merely pretext. Therefore, Vought is entitled to summary judgment on any claim for breach of contract.

*7. 42 USC 1983 and 1985*

Blanks makes passing references to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 in his Complaint. (Complaint 11.) Section 1983 provides a cause of action against a "person" who acts "under color of state law" to deprive a citizen a right secured by the United States Constitution. 42 U.S.C. § 1983. Vought is a private employer, and Blanks has provided no evidence that Vought acted under the color of state law or that it violated any of Blanks' constitutional rights.

Section 1985 provides a remedy when two or more persons conspire to: (1) prevent an officer from performing his duties through force or intimidation; (2) obstruct justice through witness intimidation; or (3) to deprive a class of person of equal protection under the law with respect to voting rights. 42 U.S.C. § 1985. Blanks has failed to explain how Vought has violated this statute or how it is relevant at all to any of his claims. Therefore, Vought is entitled to summary judgment on all claims under Section 1983 and Section 1985.

B. Plaintiff's Motion for Summary Judgment

The Court finds that Plaintiff's Motion for Summary Judgment is without merit and should be denied.

**RECOMMENDATION**

The Court recommends that Defendant's Motion for Summary Judgment be GRANTED in full, and Plaintiff's Motion for Summary Judgment be DENIED.

SO RECOMMENDED, October 12, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).