## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| A. CORNELL BLANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil No. 3:09-CV-0695-K |
| | § | |
| VOUGHT AIRCRAFT INDUSTRIES | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court has under consideration the Findings, Conclusions, and Recommendation of United States Magistrate Judge Paul D. Stickney. The District Court reviewed the proposed Findings, Conclusions, and Recommendation, and Plaintiff's Motion to Vacate or Dismiss Orders on Attorney Fees Responsive to Doc #141, filed on January 31, 2011, which the Court treats as an Objection to the Findings, Conclusions, and Recommendation for plain error. Finding none, the Court accepts the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Plaintiff's Motion to Vacate or Dismiss Orders on Attorney Fees Responsive to Doc #141, filed on January 31, 2011, which the Court treats as an Objection to the Findings, Conclusions, and Recommendation, are hereby **OVERRULED**.

The Court finds Plaintiff's underlying claims to be groundless, unreasonable, and

frivolous. *See* 42 U.S.C. § 1988; *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991); *see also Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citing *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999); *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (N.D. Tex 2001) (citing *Christiansburg Garment Co. v. EEOC*, 424 U.S. 412, 422 (1978)). In determining frivolity, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial. *Myers*, 211 F.3d at 292 (citing *Mississippi*, 921 F.2d at 609).

Plaintiff's claims had no basis and were likely brought in bad faith, and therefore the Court finds that an award of attorney fees to the defendant in the amount of **$66,605.00**, is proper.

Accordingly, Defendant's Motion for Attorney's fees, filed on November 9, 2010, is hereby **GRANTED**.

**SO ORDERED.**

Signed this 7th day of February, 2011.

ED KINKEADE
UNITED STATES DISTRICT JUDGE